UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~
In re
**GAIL A. BALSER**,                                      Chapter 11
    Debtor                                            Case No. 10-17292
~~~~~~~~~~~~~~~~~~~~~~~~~~~
**FRANCES GUNNING AND
YVONNE GUNNING,**
    Plaintiffs
v.                                                       Adv. P. No. 10-1261
**GAIL A. BALSER**
    Defendant
~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

The matter before the Court is the "Motion to Vacate and/or Reconsider the Court's Order on the Motion filed by Francis [sic] Gunning to Reconsider Order for Summary Judgment" filed by Gail A. Balser (the "Defendant" or the "Debtor") and the Opposition to that Motion filed by Frances Gunning and Yvonne Gunning (the "Plaintiffs" or the "Gunnings").

**II. BACKGROUND**

The Plaintiffs timely filed a two-count Complaint against the Debtor on September 23, 2010, seeking a determination that a debt arising from the purchase of a condominium unit from Debtor was nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) (Count I), as well as denial of the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(A) (Count II). They attached to their Complaint a "Memorandum of Decision and Order for Judgment"

1

issued by the Bristol County Superior Court, Department of the Trial Court, with respect to a nine-count complaint in which they alleged, *inter alia,* that the Debtor "falsely represented . . . that Unit 14 was habitable and without water damage in the basement." The Defendant timely filed an Answer to the Plaintiffs' "Complaint.

On December 16, 2010, the Gunnings filed a Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d)(1) for the purpose of filing a motion to dismiss the Debtor's appeal from the judgment of the Bristol County Superior Court. On January 25, 2011, the Court granted the Gunnings Motion. On April 13, 2011, the Superior Court dismissed the Debtor's appeal, stating:

> The court finds that the defendant has failed to perfect her appeal by not fully paying for the transcript thus causing undue delay in the processing of such appeal. At hearing there was no evidence offered in the form of an affidavit or otherwise which would support a claim that defendant's delay is excusable. The defendant has had ample time to cure her non compliance and has failed to do so. The court finds that defendant's neglect is inexcusable. The Motion to Dismiss is ALLOWED.

On July 22, 2011, the Plaintiffs filed a Motion for Partial Summary Judgment with respect to their count under 11 U.S.C.§ 523(a)(2)(A) to which they attached, among other things, their Verified Statement of Facts; the Memorandum of Decision and Order for Judgment issued by the Bristol County Superior Court, a Judgment on Finding of the Court, a Writ of Attachment, an Execution, and a copy of the April 13, 2011 order reproduced above.[1] The Debtor filed an Objection to the Plaintiffs' Motion, and the Court

---

[1] The Superior Court, on September 16, 2009, entered judgment on Counts II and VI of the Plaintiffs' Complaint. On or around September 25, the court amended its judgment. The Plaintiffs also filed a Motion for Clarification seeking entry of judgment

conducted a hearing on September 27, 2011. At the conclusion of the hearing, the Court granted in part and denied in part the Plaintiffs' Motion for Partial Summary Judgment and scheduled a trial for February 7, 2011 on the issue of whether the Plaintiffs' reliance on the Defendant's false representations was justifiable for purpose of 11 U.S.C. § 523(a)(2)(A). At the hearing, the parties agreed that the Superior Court conducted a trial on the merits of the Plaintiffs' complaint that included counts stating claims for common law fraud and deceit and Ch. 93A. As noted above, the Defendant filed a Notice of Appeal of the Superior Court's judgment but failed to prosecute the appeal.  The Gunnings obtained relief from the automatic stay on January 25, 2011 for the purpose of filing a motion to dismiss the Defendant's appeal from the judgment of the Bristol County Superior Court on the basis that she had failed to pay for the trial transcript and prosecute the appeal.  On April 13, 2011, the Defendant's appeal was dismissed due to inexcusable neglect.  Accordingly, the Gunnings' state court judgment is final.

The Court, referencing the state court's Memorandum of Decision and Order for Judgment and applying principles of collateral estoppel,[2] determined that the Plaintiffs

---

on Count IX, which was a claim for fraud and misrepresentation.  On November 12, 2009, the Superior Court clarified its judgment and entered judgment in favor of the Plaintiffs on Count IX.  It entered judgment on Counts II, VI and IX in the sum of $45,000; doubled the damages pursuant to Ch. 93A and awarded attorneys' fees in the sum of $11,469.92.

[2] In Blacklund v. Stanley-Snow (In re Stanley-Snow), 405 B.R. 11 (B.A.P. 1st Cir. 2009), the United States Bankruptcy Appellate Panel for the First Circuit observed the following:

The doctrine of collateral estoppel applies in bankruptcy dischargeability

3

had established each and every element required to prove a claim under 11 U.S.C. § 523(a)(2)(A)[3] except one, namely justifiable reliance. *See* Field v. Mans, 516 U.S. 59, 77 (1995)

---

    proceedings. *See* Grogan v. Garner, 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). In determining whether a party should be estopped from relitigating an issue decided in a prior state court action, the bankruptcy court must look to that state's law of collateral estoppel. *See* Spigel, 260 F.3d at 33 (citing New Hampshire Motor Transp. Ass'n v. Town of Plaistow, 67 F.3d 326, 328 (1st Cir.1995)); *see also* Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985) (stating that the full faith and credit statute, 28 U.S.C. § 1738, "directs a federal court to refer to the preclusion law of the State in which the judgment was rendered."). Under Massachusetts law, collateral estoppel precludes relitigation of issues in prior actions between the parties or those in privity with those parties, provided the issues were actually litigated in the first action, and determined by a "final judgment on the merits." Smith Barney, Inc. v. Strangie (In re Strangie), 192 F.3d 192, 194 (1st Cir.1999). To apply the doctrine, a court must determine that: (1) there was a valid and final judgment on the merits in the prior adjudication; (2) the party against whom estoppel is asserted was a party (or in privity with a party) to the prior litigation; (3) the issue in the prior adjudication is identical to the issue in the current litigation; and (4) the issue in the prior litigation was essential to the earlier judgment. Alba v. Raytheon Co., 441 Mass. 836, 809 N.E.2d 516, 521 (2004) (citations omitted). The Supreme Judicial Court of Massachusetts has noted that "the 'guiding principle' in determining whether to allow a party to use collateral estoppel is whether the party against whom it is asserted had a 'full and fair opportunity to litigate the issue in the first action or [whether] other circumstances justify affording him an opportunity to relitigate the issue.'" Treglia v. MacDonald, 430 Mass. 237, 717 N.E.2d 249, 253 (1999) (quoting Martin v. Ring, 401 Mass. 59, 514 N.E.2d 663 (1987)).

405 B.R. at 18.

    [3] "[T]o establish that a debt is nondischargeable under this section based on false pretenses or false representations, a creditor must show that: (1) the debtor made a knowingly false representation or one made in reckless disregard of the truth; (2) the debtor intended to deceive; (3) the debtor intended to induce the creditor to rely upon the false statement; (4) the creditor actually relied upon the misrepresentation; (5) the creditor's reliance was justifiable; and (6) the reliance upon the false statement caused

(holding that a plaintiff must establish justifiable reliance and noting that the "requirement of reasonableness clearly exceeds the demands of justifiable reliance").

On October 3, 2011, the Plaintiffs filed a Motion to Reconsider the Ruling and Order on Plaintiffs' Motion for Partial Summary Judgment in which they stated:

> [T]he undersigned reviewed both the Superior Court's findings and rulings and the Fields v. Mans [sic] case. In so doing, the undersigned noted that the Superior Court specifically found the following: (1) "[Defendant] made false statements relating to the condition of the basement with an intention that [Plaintiffs] rely thereon and [Plaintiffs] did in fact rely upon such representation to their damage" and (2) "[Defendant's] actions were made to induce [Plaintiffs] to purchase the premises and [Plaintiffs] *reasonably relied upon her representations* in purchasing the same resulting in the harm which they have experienced"

(emphasis added). The Plaintiffs asked the Court to determine that they justifiably relied upon the Defendant's Representations; determine the debt to be non-dischargeable under § 523(a)(2)(A) and enter summary judgment on Count I in their favor. The Plaintiffs served the Motion to Reconsider on the Debtor, who is an attorney and a registered user of the court's ECF System.

On October 24, 2011, in the absence of any objection or response from the Debtor, the Court granted the Motion, stating the following:

> There being no response or objection filed by the Debtor after notice and an opportunity for a hearing, the Court grants the Motion to Reconsider. Upon

---

damage." In re Stanley-Snow, 405 B.R. at 21 (citing McCrory v. Spigel (In re Spigel), 260 F.3d 27, 32 (1st Cir.2001), and Palmacci v. Umpierrez, 121 F.3d 781, 786 (1st Cir.1997)). Although a violation of Ch.93A is not synonymous with fraud, Stanley-Snow, 405 B.R. at 22 (citing Stoehr v. Mohamed, 244 F.3d 206, 209 (1st Cir.2001), if a Ch. 93A judgment is based upon fraud and supported by the state court record, the judgment may be entitled to preclusive effect. Stanley-Snow, 405 B.R. at 22.

reconsideration, the Court grants the Plaintiffs' Motion for Summary Judgment  The Court hereby orders the Plaintiffs to submit and serve the Defendant with a form of judgment. In the absence of an objection as to the amount of the judgment, the Court shall enter the judgment without further notice or opportunity for a hearing.

On November 2, 2011, the Plaintiffs filed a proposed judgment together with a Motion for an Award of Reasonable Attorneys' Fees and Costs in which they sought fees and costs totaling $25,798.52.

On November 3, 2011, the Debtor filed her Motion to Vacate and/or Reconsider in which she stated that she was under the mistaken belief that it was not appropriate for her to file pleadings in response to the Plaintiffs' Motion for Reconsideration in light of the appointment of a Chapter 11 Trustee in the main case. She added that she wished to be allowed the opportunity to employ counsel, although she is a practicing bankruptcy attorney, to respond to and be heard on the Motion for Reconsideration.[4] The Debtor did not address the merits of the Plaintiffs' Motion.

On November 9, 2011, the Plaintiffs filed an Opposition in which they observed that the Debtor's Motion was unsupported by an affidavit and contained inadmissible hearsay.

## III. DISCUSSION

The Court finds that the Debtor's Motion to Vacate and/or Reconsider is without merit. In the first place, this Court appointed a Chapter 11 Trustee in the Debtor's case on September 8, 2011. Notably, the Debtor appeared at the hearing on the Plaintiffs' Motion

---

[4] From the outset of this proceeding, the Defendant always has appeared pro se in the main case and the adversary proceeding.

6

for Partial Summary Judgment on September 27, 2011 representing herself, and she did not raise any issues with respect to her purported concern about the role of the Chapter 11 trustee at that time.

In the second place, the Court's decision to grant the Plaintiffs' Motion for Summary Judgment is supported by the record of proceedings in the state court and the principles of issue preclusion or collateral estoppel. In its decision, the Bristol County Superior Court found the following with reference to the Plaintiffs' claims under Mass. Gen. Laws ch. 93A, §§ 2, 9 and 940 Code Mass. Regs. 3.16:

> She [Attorney Balser] was also aware that having a dry basement was extremely important to the Gunnings in connection with their purchase of this premises and she intentionally misled them into believing that there had never been a water problem in Unit 14 and that the basement was dry. Her actions were made to induce the Gunnings to purchase the premises and the Gunnings *reasonably relied* upon her representations in purchasing the same resulting in the harm which they have experienced.
> ***
> The Gunnings have met their burden that Balser violated the aforementioned regulation by establishing her failure to disclose the significant water problem in the basement of Unit 14, which problem she was well aware of. They also satisfied their burden of establishing that this matter was material to the contract and that they would not have purchased Unit 14 had they been aware of the water problem.
> In the case at bar, Balser's conduct went beyond that of mere silence and nondisclosure and rose to the level of active misrepresentation. Where a defendant willfully makes a false representation with intent to deceive, the defendant is not relieved from liability because of the victim's lack of diligence. . . .
> As referenced above, the Gunnings have established by a preponderance of the evidence that Balser made false statements relating to the condition of the basement with an intention that the Gunnings rely thereon and the Gunnings did in fact rely upon such representation to their damage.

7

Gunning v. Balser, C.A. No. 2007-0713-C, Slip op. at 14-15 (Mass. Super. Sept. 16, 2009) (emphasis added).

Unlike the Plaintiffs whose Motion for Reconsideration was well-founded, the Debtor failed to support her Motion by any persuasive or sound legal argument.

## IV. CONCLUSION

In view of the foregoing, the Court shall enter an order denying the Debtor's "Motion to Vacate and/or Reconsider the Court's Order on the Motion filed by Francis [sic] Gunning to Reconsider Order for Summary Judgment."

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

November 22, 2011